OPINION
On April 10, 1991, the Perry County Grand Jury indicted appellant, James Hinkle, on three counts of rape in violation of R.C. 2907.02(A)(1)(b). Said charges arose from allegations that appellant had sexual intercourse with his then ten year old niece, Amanda Patterson.
A jury trial commenced on April 13, 1992. The jury found appellant guilty as to one count of rape but hung as to the other two counts. By judgment entry filed May 18, 1992, the trial court sentenced appellant to an indeterminate term of ten to twenty-five years. On August 28, 1992, appellee nolled the remaining two counts.
On September 23, 1996, appellant filed a post conviction petition to vacate and set aside the judgment. By entry filed October 22, 1996, the trial court admitted he was unable to locate in the record where appellant had been advised of his rights pursuant to Crim.R. 32 and therefore vacated appellant's sentence. By termination judgment entry filed October 30, 1996, the trial court reinstated appellant's conviction and sentence, and advised appellant of his rights pursuant to Crim.R. 32.
In State v. Hinkle (September 17, 1997), Perry App. No. CA-96-46, unreported, this court affirmed appellant's conviction. On December 16, 1997, appellant filed an application to reopen his appeal claiming an error in sentencing and citing S.B. No. 2 in support. By judgment entry filed January 23, 1998, this court granted said application. Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN VIOLATION OF R.C. 1.58(B) AND ARTICLE II, SECTION 15 OF THE OHIO CONSTITUTION WHEN IT SENTENCED MR. HINKLE TO TEN TO TWENTY-FIVE YEARS IN PRISON. SINCE HE WAS SENTENCED AFTER THE EFFECTIVE DATE OF SENATE BILL 2 AMENDMENTS TO OHIO SENTENCING LAW, MR. HINKLE'S MAXIMUM SENTENCE SHOULD HAVE BEEN NO MORE THAN TEN YEARS.
 I
Appellant claims the trial court erred in sentencing him to a pre-S.B. No. 2 penalty. We disagree.
Appellant argues because his 1992 sentence was vacated and he was resentenced on October 30, 1996 after the effective date of S.B. No. 2 (July 1, 1996), he was entitled to elect to be sentenced under the provisions of S.B. No. 2. In support, appellant cites this court's opinion in State v. Rush (July 7, 1997), Stark App. No. 1996CA00419, unreported. We note appellant did not object to his sentence at the resentencing hearing.
R.C. 1.58 provides for retroactive application of a criminal penalty statute if there has been an amendment thereto. We find subsection (A)(3) is applicable sub judice:
 (A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:
 (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;
In Rush, the defendant committed an offense prior to S.B. No. 2, but was not sentenced until after S.B. No. 2. This court determined the defendant was entitled to elect to be sentenced under S.B. No. 2 provisions. This case is not Rush. In the casesub judice, the trial court set aside the sentence imposed prior to S.B. No. 2 and resentenced appellant to the same sentence after S.B. No. 2 pursuant to a petition for postconviction relief. Because this case involves a resentencing of a sentence imposed prior to S.B. No. 2, we find Rush does not apply.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed.